IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                    Plaintiff,<br><br>vs.<br><br>MANUEL GARCIA-OLIVAS,<br><br>                    Defendant. | 8:24–CR–164<br><br>**ORDER ON MOTION TO DISMISS** |

      On October 22, 2024, the defendant was indicted for unlawful reentry of a removed alien in violation of 8 U.S.C. § 1326(a). Filing 1. The statute, 8 U.S.C § 1326(a), provides criminal punishment for the unauthorized reentry of aliens that have "been denied admission, excluded, deported, or removed or has departed the United States while an order of exclusion, deportation, or removal is outstanding." Presently before the Court is the defendant's Motion to Dismiss the Indictment. Filing 25. The defendant contends that the previous deportation order underlying the defendant's present charge "was defective and infirm and under the 8 U.S.C. § 1326(d)." Alternatively, the defendant argues that the indictment is defective because the defendant "left the U.S. through voluntary departure." Filing 25 at 1. For the reasons stated below, the defendant's Motion is denied.[1]

      The defendant's first basis for dismissing the indictment is that his 2009 deportation was defective. The statute, 8 U.S.C. § 1326(d), provides for a "[l]imitation on collateral attack on underlying deportation order," as follows:

> In a criminal proceeding under this section, an alien may not challenge the validity of the deportation order described in subsection (a)(1) or subsection (b) unless the alien demonstrates that--

---

[1] The defendant also filed a Motion for a Hearing related to the Motion to Dismiss the Indictment. Filing 32. "The court determines whether an evidentiary hearing is required on a pretrial motion." NECrimR 12.3(e)(1). Because an evidentiary hearing is unnecessary to resolve the Motion, the defendant's Motion for a Hearing is denied.

1

> (1) the alien exhausted any administrative remedies that may have been available to seek relief against the order;
>
> (2) the deportation proceedings at which the order was issued improperly deprived the alien of the opportunity for judicial review; and
>
> (3) the entry of the order was fundamentally unfair.

8 U.S.C. § 1326(d). "The defendant 'bears the burden of proof in a collateral attack upon a prior deportation.'" *United States v. Tamayo-Baez*, 820 F.3d 308, 313 (8th Cir. 2016) (citation omitted). Because the defendant cannot satisfy all three elements under 8 U.S.C. § 1326(d) to challenge the validity of his prior deportation order, he is not entitled to dismissal.

Indeed, the evidence demonstrates that the defendant cannot satisfy any of the three elements under 8 U.S.C. § 1326(d), which provides three independent grounds for denying the defendant's Motion. First, the defendant did not "exhaust[ ] any administrative remedies that may have been available to seek relief against the order." *Id.* According to the defendant's own Motion, he left the United States on the same day that his removal order was entered, on October 21, 2009, and never appealed the removal order. Filing 27 at 3. The Eighth Circuit has stated, "[I]f an alien knowingly and voluntarily waives his right to appeal an order of deportation, then his failure to exhaust administrative remedies will bar collateral attack on the order in a subsequent illegal reentry prosecution under § 1326(d)." *Tamayo-Baez*, 820 F.3d at 313. The defendant argues that this failure to appeal was excused by the fact that he "did not speak English nor was he provided with an [sic] lawyer during his deportation proceedings." Filing 27 at 3. The defendant's signed and sworn affidavit—submitted alongside the Motion—plainly contradicts his contentions. Filing 27-1. The affidavit indicates that the defendant, in a Spanish-language interview, acknowledged and waived his right to an attorney and agreed to appear before an immigration judge on an expedited basis. Filing 27-1. Thus, the defendant's "failure to exhaust administrative remedies [ ] bar[s] collateral attack on the order in a subsequent illegal reentry prosecution under § 1326(d)."

2

*Tamayo-Baez*, 820 F.3d at 313. This alone is sufficient to deny the defendant's Motion to Dismiss the Indictment.

But the defendant also fails to satisfy the final two elements of 8 U.S.C. § 1326(d). In the Notice to Appear provided to the defendant—and signed by the defendant—the defendant is specifically notified that he had "a right to appeal an adverse decision by the immigration judge." Filing 27-2. This belies any argument that the defendant was "improperly deprived [ ] of the opportunity for judicial review." 8 U.S.C. § 1326(d).

Finally, the entry of the 2009 deportation order was not "fundamentally unfair." *Id.* "This standard requires a showing that there was a fundamental procedural error in the removal proceeding that resulted in actual prejudice." *United States v. Leal-Monroy*, 988 F.3d 1077, 1078 (8th Cir. 2021) (citation omitted). "Actual prejudice means that but for the procedural error, there was a reasonable likelihood that the alien would not have been deported." *Id.* As discussed above, there was no procedural error: the defendant was advised of and waived his rights in his native language. Filing 27-1; Filing 27-2. In addition, there was no "actual prejudice" because there was no "reasonable likelihood that the alien would not have been deported" but for any possible procedural error. As the defendant himself acknowledges, he is "a citizen of Mexico" without "any immigration status" and "entered the U.S. in September of 2009." Filing 27 at 2. The Immigration and Nationality Act, 8 U.S.C. § 1182(a)(6)(A)(i), provides, "An alien present in the United States without being admitted or paroled, or who arrives in the United States at any time or place other than as designated by the Attorney General, is inadmissible." Accordingly, "there [was] no reasonable likelihood that any argument from counsel in [2009] would have succeeded in defeating the charge of removability." *Leal-Monroy*, 988 F.3d at 1079. Under these circumstances, the 2009 deportation order challenged by the defendant was not "fundamentally unfair."

The defendant has failed to show he is entitled to collaterally the prior deportation order underlying his present charge for unlawful reentry of a removed alien in violation of 8 U.S.C. § 1326(a). In addition, the defendant's argument that he "left the U.S. through voluntary departure" is irrelevant: the statute explicitly applies to defendants who "departed the United States while an order of exclusion, deportation, or removal is outstanding," and the defendant was subject to a valid deportation order. Accordingly,

IT IS ORDERED:

1. The defendant's Motion to Dismiss Indictment, Filing 27, is denied; and
2. The defendant's Motion for a Hearing, Filing 32, is denied.

Dated this 3rd day of February, 2024.

BY THE COURT:

_____
Brian C. Buescher
United States District Judge

4